IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MELVIN LESTER CONEY, | ) |
| Plaintiff, | ) |
| v. | ) CV 315-066 |
| DEPARTMENT OF VETERANS AFFAIRS; THEODORE HENDERSON, VAMC Augusta; NADINE COLLINS, VAMC Augusta; JESSIE RECTOR, VARO Atlanta; ROBERT MCDONALD, VA Sec., Washington, D.C., | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (Doc. no 2.) On August 26, 2015, the Court denied Plaintiff's request to proceed IFP because Plaintiff receives $1,301.00 per month from social security, $3,156.00 per month from disability, and has $2,900.00 available between his checking and savings accounts. (Doc. no. 5.) Accordingly, the Court provided Plaintiff with twenty-one days to pay the $400 filing fee. (Id.) Plaintiff was cautioned that failure to comply would result in dismissal of his case. (Id.) Plaintiff has not submitted the $400.00 filing fee.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape

Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Local Rule 4.2(2) also provides that if the filing fee is not paid within twenty-one days of the denial of an IFP petition, the civil action will be dismissed. Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a petitioner has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Petitioner's failure to pay the filing fee, respond in any way to the Order directing payment, or communicate with the Court, amounts not only to a failure to prosecute, but also an abandonment of his case.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 23rd day of September, 2015, at Augusta, Georgia.

*signature*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA